UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLARJUICE AMERICAN, INC., <br><br>  Plaintiff, <br><br> v. <br><br> TX-MORROW CONSTRUCTION, INC., <br><br> Defendant. | Case No. 23-cv-04869-VC <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 4 |

The motion to dismiss is granted because there is no jurisdiction over TX-Morrow. This ruling assumes the reader is familiar with the facts of the case, the applicable legal standard, and the arguments made by the parties.

1. There is no personal jurisdiction over TX-Morrow. TX-Morrow submitted a declaration disputing each of the jurisdictional allegations in the complaint: It claims that TX-Morrow is not registered to do business in California, that it has no construction projects in California, that it entered into contracts with Petersen-Dean related only to properties outside of California, and that it executed those contracts outside of California. Solarjuice did not respond to this declaration with any evidence of its own. Instead, it rested on the disputed allegations in the complaint. That is not enough to defeat TX-Morrow's jurisdictional challenge. *See LNS Enterprises LLC v. Continental Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022).[1]

2. Solarjuice's request to transfer venue is denied, because it hasn't provided enough

---

[1] Solarjuice's request for jurisdictional discovery is denied for similar reasons. An unsupported hunch that discovery might yield relevant facts contradicting TX-Morrow's specific denials does not warrant discovery. *LNS Enterprises*, 22 F.4th at 864–65.

information for this Court to determine where the case could have been brought. *See* 28 U.S.C. § 1406(a). It's not clear on this record which contract (or contracts) Solarjuice is suing to enforce, where the underlying contract (or contracts) was negotiated and executed, where performance was contemplated, or what the applicable substantive law is. *See Werner v. Dowlatsingh*, 818 F. App'x 671, 674 (9th Cir. 2020); *cf. Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). So it's not clear which of Solarjuice's candidates for transfer—Kansas federal district court or any of the four Texas federal district courts—would be an appropriate venue for this dispute. If Solarjuice wishes to pursue an action against TX-Morrow, it needs to figure out the appropriate forum and file suit there, rather than asking this Court (which is clearly the wrong forum) to guess.

      **IT IS SO ORDERED.**

Dated: November 16, 2023

                                        VINCE CHHABRIA
                                        United States District Judge